PRIDDY, Plaintiff in error, v. STATE, Defendant in error.

*No. State 171. Argued June 8, 1972.—Decided June 30, 1972.*
(Also reported in 198 N. W. 2d 624.)

For the plaintiff in error there was a brief and oral argument by *Donald J. Harman* of La Crosse.

For the defendant in error the cause was argued by *Richard J. Boyd*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HEFFERNAN, J. The *Miranda* warnings had not been given at the time Priddy stated, "Yeah, I put a knife to his throat." Contrary to the findings of the trial judge, the defendant was in custody at the time the statement was made. Findings made in the *Goodchild*-type hearing will be sustained unless they are contrary to the great weight and clear preponderance of the evidence. *McClellan v. State* (1972), 53 Wis. 2d 724, 728, 193 N. W. 2d 711. In the instant case the evidence is undisputed that at the time the defendant made the statement he was in custody. He had been told to come out of his automobile with his hands up, and he had already been frisked. However, the rule of *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, only excludes a statement given while in custody *and* resulting from interrogation. The testimony is undisputed that the questioning of the defendant by the police officers had not been begun.

The case is ruled by *Roney v. State* (1969), 44 Wis. 2d 522, 171 N. W. 2d 400. Therein we said at pages 531, 532:

"As is clearly stated in *Miranda*, however, custody alone does not invoke the *Miranda* rule. *Miranda* holds that a statement that is volunteered and not elicited as a result of prior interrogation is free from the strictures of *Miranda* even if made while in custody. The statement of the defendant herein was completely spontaneous and was not in response to any interrogation . . . ."

The trial judge's finding that the statement was a voluntary exclamation is supported by the evidence.

Under the test of *Roney v. State* it was a "volunteered" inculpatory statement not subject to the exclusionary rule of *Miranda*.

*By the Court.*—Judgment affirmed.